In opposition to the defendants' prima facie showing that plaintiff did not suffer a serious injury causally related to the subject accident, plaintiff failed to raise a triable issue of fact (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). While it is undisputed that plaintiff was afflicted with certain spinal defects, the cause thereof, according to defendants' neurologist, was congenital malformation and not the event in question. It is uncontested that plaintiff had scoliosis and spina bifida, congenital conditions. The conclusory statements of plaintiff's experts, unsupported by any probative evidence, that plaintiff's limitations were causally related to the accident are insufficient to defeat summary judgment (*see Carter v Full Serv., Inc.*, 29 AD3d 342, 344 [2006], *lv denied* 7 NY3d 709 [2006]). Concur— Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.

■ Hava Shelkowitz, Appellant, v Errol Rainess, Respondent. [869 NYS2d 87]—

Dismissal of the complaint was proper where plaintiff did not effect service of the summons and complaint upon defendant within 120 days after the filing of the action (CPLR 306-b). Nor is an extension of time for service warranted in the "interest of justice" (*id.*). The request for an extension of time was not made until opposition to defendant's cross motion to dismiss, which was approximately 20 months after the filing of the action (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]; *Pecker Iron Works, Inc. v Namasco Corp.*, 37 AD3d 367 [2007]). Furthermore, contrary to plaintiff's contention, CPLR 207 is not applicable as there is no evidence that defendant was either absent from the state within the meaning of the statute, or that he was listed under a false name. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.

■ The People of the State of New York, Respondent, v Charles Sanchez, Appellant. [869 NYS2d 844]

■ In the Matter of FREDERICK FRANKLIN, Appellant, v ANN SCHWARTZ, as Records Access Officer of the New York County District Attorney's Office, Respondent. [870 NYS2d 248]—

No reason appears to doubt respondent's assertion that despite an extensive search of the District Attorney's case files relating to the three indictment numbers specified in petitioner's requests, she was unable to locate the requested minutes of a 1982 plea taken by a certain witness at petitioner's trial. Indeed, it appears from the parties' extensive correspondence that respondent at all times endeavored to comply with petitioner's requests in accordance with this Court's prior order—she ordered and reviewed various case files in an attempt to locate the requested plea minutes; she located and turned over related documents, including the minutes of the witness's sentencing; and she credibly explained to respondent that the District Attorney's Office does not order the transcript of every court proceeding. Respondent's statement that she was unable to find the requested documents, despite a diligent search, sufficed to satisfy the District Attorney's obligations under FOIL, which, by its terms, does not require an entity to prepare records it does not possess or maintain (Public Officers Law § 89 [3]; *see Matter of Lugo v Galperin*, 269 AD2d 338 [2000], *lv denied* 95 NY2d 755 [2000]). Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.

■ KEVIN TEJEDA, an Infant, by His Parent and Natural Guardian, ANA PICHARDO, et al., Appellants, v WOODYCREST REALTY, L.L.C., Respondent. [870 NYS2d 253]—